**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-50426
_____


SHERMAN ELECTRONICS SUPPLY INC,

Plaintiff - Appellant,

versus

ZENITH ELECTRONICS,

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Texas
(SA-94-CV-557)

January 14, 1997

Before HIGGINBOTHAM, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Sherman appeals the district court's grant of summary judgment dismissing its claim under the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.46 ("DTPA").  We review a district court's grant of summary judgment _de novo_. _Doddy v. Oxy USA, Inc._, 101 F.3d 448, 460 (5th Cir. 1996); Fed. R. Civ. P. 56(c).  We agree with the district court that Sherman did not have consumer standing under the DTPA.  To qualify as a "consumer," the claimant must (1) have sought or acquired goods or services by purchase or lease, and

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

(2) show that these same goods or services form the basis of the DTPA complaint. *Meineke Discount Muffler v. Jaynes*, 999 F.2d 120, 125 (5th Cir. 1993); Tex. Bus. & Comm. Code §§ 17.45(4) & (10). We find that Zenith's alleged promise to prevent "bootlegging" of parts into Sherman's service area was neither a good nor a service under the statute.

Neither party suggests that Zenith's alleged obligation to stop bootlegging was a "good" under the DTPA. The question in this appeal is whether the obligation, if it exists, counts as a service. The DTPA defines "services" as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." Tex. Bus. & Comm. Code § 17.45(2). Sherman's annual contracts with Zenith, which included an incorporation clause and a written modification provision, never mentioned the alleged duty to police bootlegging. Accordingly, we find that the purchase price for the television parts did not include a purchase of the alleged obligation. Although Sherman purchased parts from Zenith, these goods did not furnish the basis of its DTPA claim. Therefore Sherman does not meet the consumer standing requirements of the DTPA. *See Americom Distrib. Corp. v. ACS Communications, Inc.*, 990 F. 2d 223, 227 (5th Cir.) (DTPA complaint dismissed where plaintiff purchased goods, but plaintiff's complaint was based on suspension of distributorship, not fault in goods), *cert. denied*, 510 U.S. 867,

-2-

114 S. Ct. 189, 126 L. Ed. 2d 148 (1993).

In this case, the picture is clear: the alleged policing obligation was neither a good nor a service under the DTPA, which precludes Sherman's consumer standing under the statute. Therefore we AFFIRM.